In the Matter of CLAUDIUS HINDS, Appellant, against CHARLES ABRAMS, as State Rent Administrator of the Temporary State Housing Rent Commission, Respondent.— In a proceeding to review a determination of the State Rent Administrator which fixed maximum rents for housing accommodations, the appeal is from an order denying the petition and dismissing the proceeding. Appellant contends that inasmuch as the premises were a legal two-family house on and prior to April 1, 1953 and thereafter became vacant, they were decontrolled (State Residential Rent Law, § 2, subd. 2, par. [i]; L. 1946, ch. 274, as amd.; State Rent and Eviction Regulations, § 9, subd. 12). Appellant further contends that when subsequently the premises were converted into a legal " class B " multiple dwelling, the respondent was without authority to establish maximum rents for the housing accommodations. Order unanimously affirmed, without costs. The evidence establishes that on and after April 1, 1953 the premises were in fact occupied by three or more families. In view of that fact the premises upon becoming vacant were not exempted from rent control. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

In the Matter of the VILLAGE OF PORT CHESTER, Appellant, Relative to Acquiring Title to Lands of JACOB ROGOWSKY et al., Respondents.— In a condemnation proceeding, the appeal is from an order (designated in the notice of appeal as an order and judgment) confirming the report of commissioners of appraisal and directing full payment of the award and an additional allowance to the respondents. Respondents claimed title to part of the premises as holders of letters patent, issued pursuant to the Public Lands Law, whereby the State of New York conveyed the land to the grantees " for the purpose of granting and conveying a restricted beneficial enjoyment ". The letters patent which were issued in 1912 further provided that the grants " shall cease and determine and become null and void " unless certain designated improvements were completed within five years from the date of each grant. It is not disputed that the required improvements were completed within the time limited. Order unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

KNIGHT & TIMONEY, INC., Appellant, v. VILLAGE OF NORTH TARRYTOWN, Respondent.— In an action by a contractor to recover damages resulting from the alleged delay in approving drawings and for failure to apprise the contractor of ground conditions, the appeal is from an order granting a motion for leave to serve an amended answer. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.